# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1884V**
Filed: June 16, 2026

| | |
|---|---|
| RODERICK ROBINSON, *as the natural parent and guardian of I.R., a minor child,* | |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Catherine Wallace Costigan*, Mctlaw, Washington, DC, for Petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

**Shah**, Special Master:

On November 15, 2024, Roderick Robinson ("Petitioner"), as the natural parent and guardian of I.R., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). The petition alleges that I.R. developed encephalopathy, as defined by the Vaccine

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Injury Table, as a result of the diphtheria, tetanus, acellular pertussis ("DTaP") vaccination she received September 6, 2023. *Id*. at 1-2, 12; ECF No. 53 ("Resp't's Rep.") at 1-2. Alternatively, Petitioner alleges that I.R.'s encephalopathy was caused-in-fact by the DTaP vaccination she received on September 6, 2023. *Id*.

On June 15, 2026, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Resp't's Rep. at 1, 10. Specifically, Respondent states:

> It is [R]espondent's position that [P]etitioner has satisfied the criteria set forth in the vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation for a DTaP Table injury of encephalopathy. *See* 42 C.F.R. § 100.3(a)(II)(B); 42 C.F.R. §100.3(c)(2)(i-ii), §100.3(d). Given that I.R. has satisfied these requirements, I.R.'s condition has persisted for at least six months, and there is no alternative cause that explains her condition, she is entitled to compensation under the Act.

*Id*. at 9-10. Respondent argues that the scope of damages "is limited to I.R.'s encephalopathy and its related sequelae only." *Id*. at 10.

**In view of Respondent's position and the evidence of record, I find that Petitioners are entitled to compensation.** A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master